CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
JULIANA KRESSE, CA Bar No. 256745
juliana.kresse@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:     415-442-4810
Facsimile:     415-442-4870

Attorneys for Defendant
GATE GOURMET, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VILLATORO,<br><br>Plaintiff,<br><br>v.<br><br>GATE GOURMET, INC., and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT GATE GOURMET, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Complaint Filed:  October 30, 2020<br>Trial Date:       None Set |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**
2  **DISTRICT OF CALIFORNIA, PLAINTIFF OSCAR VILLATORO AND HIS**
3  **ATTORNEYS OF RECORD:**

4    **PLEASE TAKE NOTICE THAT** Defendant Gate Gourmet, Inc. ("Defendant") hereby
5  removes the above-captioned action filed by Plaintiff Oscar Villatoro ("Plaintiff") from the
6  Superior Court of the State of California for the County of San Francisco to the United States
7  District Court for the Northern District of California pursuant to 28 U.S.C. § § 1332, 1441, and
8  1446 on the grounds that there is complete diversity of citizenship between Plaintiff, a citizen of
9  the state of California, and the Defendant, a citizen of the states of Delaware and Virginia; that the
10  amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. §
11  1332(a); and that the foregoing facts were true at the time that the Complaint in this matter was
12  filed and remain true as of the date of the filing of this notice of removal, as more fully set forth
13  below.

14  **I.    THE STATE COURT ACTION**

15    This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332
16  and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil
17  action where the parties are citizens of different states, Plaintiff is a citizen of the state of California
18  and Defendant is a citizen of the states of Delaware and Virginia, and the amount in controversy
19  exceeds the sum of $75,000, exclusive of interest and costs.

20    On October 30, 2020, Plaintiff filed a Complaint in the Superior Court of the State of
21  California, County of San Francisco, case number CGC-20-587384, entitled *Oscar Villatoro v.*
22  *Gate Gourmet, Inc.*  The Complaint alleges twelve causes of action: (1) Failure to Provide Meal
23  Breaks; (2) Assault; (3) Battery; (4) Disability Discrimination; (5) Medical Condition
24  Discrimination; (6) Age Discrimination; (7) Failure to Engage in the Interactive Process; (8)
25  Failure to Reasonably Accommodate; (9) Intentional Infliction of Emotional Distress; (10)
26  Retaliation in Violation of the Fair Employment and Housing Act ("FEHA"); (11) Wrongful
27  Termination; and (12) Unfair Competition in Violation of Business and Professions Code Section
28  17200, *et seq.*

On May 7, 2021, Defendant was served with a copy of the Summons and Complaint. True and correct copies of the documents served on Defendant and any other documents filed in the San Francisco County Superior Court are attached as **Exhibit A**. A true and correct copy of the Notice of Removal to be filed in the San Francisco County Superior Court is attached as **Exhibit B**. Exhibits A and B comprise all of the pleadings and papers currently known to Defendant to be on file, or that will be filed, in the Superior Court.

## II.   REMOVAL IS TIMELY

A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")

Here, Defendant was served with the Summons and Complaint by Notice and Acknowledgment of Receipt on May 7, 2021. Thus, Defendant is filing this notice within 30 days after service of the Summons and Complaint. Thus, removal is timely and proper pursuant to 28 U.S.C. § 1446(b), (c).

## III.   A PROPER BASIS EXISTS FOR REMOVAL BASED ON DIVERSITY OF CITIZENSHIP

This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

**Plaintiff is a Citizen of California**. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d

514, 520 (10th Cir. 1994).  Here, Plaintiff is a citizen of the State of California.  Plaintiff's complaint to the Department of Fair Employment and Housing (which is attached as Exhibit A to Plaintiff's Complaint and which his counsel signed under penalty of perjury) states that Plaintiff "resides in the City of San Francisco State of California." See Complaint, Ex. A (DFEH Complaint), ¶ 2.  In addition, Defendant holds this belief based on Plaintiff's personnel records, which indicate that he maintained a continuous residence in San Bruno, California throughout his 29 months of employment with Defendant.  Declaration of Elaine Dray ("Dray Decl."), ¶ 3.

**Defendant is a Citizen of Delaware and Virginia**.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."  The United States Supreme Court has established the proper test for determining a corporation's principal place of business for purpose of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  In *Hertz*, the Court held that the "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 1184.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination…."  *Id*.

Defendant is a Delaware corporation.  Dray Decl., ¶ 2.  Defendant has its principal place of business in Virginia.  *Id*.  Virginia is where Defendant's officers direct, control, and coordinate its activities.  *Id*.  Defendant's Reston, Virginia corporate office is its principal place of business and primary permanent base of operations where Defendant's senior management and high-level executives manage the company's executive and administrative operations, including operations relating to administration of company-wide policies and procedures, legal affairs, human resources, and general business operations.  *Id*.

Defendant is not a California corporation or headquartered in California.  Dray Decl. ¶ 2.  Accordingly, Defendant is not a citizen of the State of California.  As such, complete diversity of citizenship exists in this matter.

/ / /

1
2
3

**The Citizenship of "Doe Defendants" Must Be Disregarded**.   The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

4
5
6
7
8
9
10
11
12
13
14

**The Amount in Controversy Exceeds the Sum of $75,000**.   Defendant only needs to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum.   *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004).   In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).   These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred.   *Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); see also *Celestino v. Renal Advantage Inc*., No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

15
16
17

Based on Plaintiff's allegations in the Complaint and Plaintiff's pay records, the amount in controversy in the instant case already exceeds the sum of $75,000, as set forth more specifically below:

18
19
20
21
22
23

Economic Damages.   Plaintiff alleges that Defendant terminated his employment on or about February 21, 2019.  (Compl. ¶ 43.)  In his Complaint, he seeks damages for lost wages, salary, benefits, employment related opportunities and future compensation since his termination. (Compl. ¶¶ 80, 88, 97, 106, 114, 122, 129, 137, prayer.)  Plaintiff also alleges that he was denied rest breaks and seeks to recover one hour of pay for every day a rest break was allegedly denied. (Compl. ¶ prayer.)

24
25
26
27
28

At the time of his termination, Plaintiff's rate of pay was $18.21 per hour and he typically worked 40 hours a week.  Dray Decl. ¶ 3.  Based on a 40 hours per week schedule at $18.21 per hour, he earned approximately $3,156.40 per month.   Thus, at the time of this removal (approximately 27 months after he was terminated), his alleged economic damages for past lost wages are $85,222.80, which is already above the threshold required for removal.  However, this

1  amount does not include alleged compensation for missed rest breaks, future lost wages, or alleged

2  past and future medical expenses, which will only make the amount in controversy even higher.

3      <u>Emotional Distress</u>.  Plaintiff also seeks emotional distress damages.  (Complaint ¶¶ 64, 65,

4  72, 73, 81, 89, 98, 107, 115, 123, 130, prayer.)  While Plaintiff does not state a specific amount of

5  damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional

6  distress damages should not preclude the court from noting these damages are potentially

7  substantial."  *Richmond v. Allstate Ins. Co*., 897 F.Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's

8  failure to make explicit demands did not prevent satisfaction of amount in controversy).  Emotional

9  distress damages can be substantial, and Plaintiff put at issue an amount exceeding $75,000.  See

10  *Trulsson v. County of San Joaquin District Attorney's Office*, 2014 WL 5472902 (E.D. Cal. 2014)

11  (jury verdict in case involving claims for retaliation in violation of Title VII and the FEHA

12  included $1,546,326 award for pain and suffering); and *Campbell v. Nat'l Passenger Railroad

13  Corp*., 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a

14  retaliation/wrongful termination case).

15      <u>Punitive Damages</u>.  Plaintiff also seeks punitive damages.  (Complaint, ¶¶ 66, 75, 83, 91,

16  100, 109, 117, 125, 132, prayer.)  For the purposes of removal, the amount in controversy may

17  include punitive damages.  *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful

18  termination claim including a "lengthy list of compensatory and punitive damages," including

19  emotional distress damages, attorney's fees and punitive damages, was sufficient to exceed the

20  $75,000 minimum required to establish diversity jurisdiction); see also *Simmons v. PCR Tech*., 209

21  F. Supp.2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the damages alleged in plaintiff's

22  complaint at the time of removal, which included past lost wages totaling $25,600, and unspecified

23  amounts for future lost wages, medical expenses, emotional distress, punitive damages, and

24  attorneys' fees, satisfied the amount in controversy required to establish diversity jurisdiction).

25  Punitive damages may be substantial and in some cases even exceed the amount in controversy.

26  *Lang v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County, Cal. Superior Court 1986)

27  (awarding $175,000 in punitive damages on a wrongful termination claim); *Chopourian v. Catholic

28  Healthcare West*, 2012 WL 1551728 (E.D. Cal. 2012) (entering judgment following jury verdict,

discussed at 2012 WL 767196; awarding $56,250,000 in punitive damages for employment-related claims, including wrongful termination and retaliation).

Attorney's Fees.  Plaintiff also claims he is entitled to attorney's fees.  (Complaint prayer ¶ 7.)  The Court may consider all attorney's fees that at the time of removal can reasonably be anticipated will be incurred over the life of the case.  See *Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957) (the amount claimed for attorney's fees pursuant to a statute allowing attorney's fees may be taken into account in determining whether the jurisdictional amount is involved).

An accepted method for determining attorney's fees is to award the plaintiff's attorney 25% of the individual recovery.  Indeed, the Ninth Circuit has set 25% of recovery as the "benchmark" for recovery of attorneys' fees.  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) (using a benchmark of 25 percent of the plaintiffs' recovery in class actions for the presumptive amount of attorneys' fees).  In this case, if 25% of recovery is used as the presumptively reasonable amount for attorney's fees, then if Plaintiff were to recover his estimated lost damages just as of the date of this removal, the benchmark attorney's fee award for Plaintiff would equal approximately $21,305.70.  Plaintiff's alleged claim for damages related to past lost wages, combined with a reasonable estimate of Plaintiff's attorney's fees over the life of this case, easily surpasses the $75,000 jurisdictional limit.

Penalties and Liquidated Damages.  Plaintiff also seeks an unspecified amount of penalties (including a $10,000 penalty) and/or restitution under Business and Professions Code section 17200, *et seq*.  (Complaint, ¶¶ 148-149, prayer.)

## IV.   SATISFACTION OF PROCEDURAL REQUIREMENTS

As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of San Francisco is located within the Northern District of California.  Therefore, venue is proper in this Court, pursuant to 28 U.S.C. § 84, because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by Exhibits A and B, which contain copies of all process, pleadings, and orders served upon Plaintiff,

1    Defendant, or the Court.

2         As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30

3    days after Defendant was served with a copy of the Complaint.

4         As required by 28 U.S.C. § 1446(d), Defendant provided notice of this removal to Plaintiff

5    through his counsel of record.

6         As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed

7    with the Superior Court of the State of California for the County of San Francisco.

8         WHEREFORE, Defendant GATE GOURMET, INC. requests that the above action now

9    pending in the Superior Court of California, County of San Francisco, be removed therefrom to this

10   Court.  In the event the Court has a question regarding the propriety of this Notice of Removal,

11   Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant

12   may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

13

14

15   DATED:  June 4, 2021                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
16

17

18                                           By:  /s/ Juliana Kresse
                                                  CARA F. BARRICK
19                                                JULIANA KRESSE
                                                  Attorneys for Defendant
20                                                GATE GOURMET, INC.

21

22

23

24

25

26

27

28

Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GATE GOURMET, INC., and DOES 1-10, inclusive,.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
OSCAR VILLATORO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-20-587384

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ernesto Sanchez, Liberation Law Group, P.C., 2760 Mission Street, San Francisco, CA 94110, (415)695-1000

DATE:        OCT 3 0 2020        Clerk of the Court    Clerk, by _____ , Deputy
*(Fecha)*                                              *(Secretario)*                      *(Adjunto)*

NEYL WEBB

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Arlo Garcia Uriarte, SBN 231764
   Ernesto Sanchez, SBN 278006
2  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
3  San Francisco, CA 94110
   Telephone:  (415) 695-1000
4  Facsimile:  (415) 695-1006

5
   Attorneys for PLAINTIFF
6  **OSCAR VILLATORO**

7

8            THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10                    UNLIMITED JURISDICTION

11

12

13  OSCAR VILLATORO,

14            Plaintiff,

15       v.

16  GATE GOURMET, INC., and DOES 1-10,
    inclusive,

17            Defendants.

18

**FILED**
San Francisco County Superior Court

OCT 3 0 2020

CLERK OF THE COURT
BY: _____
                Deputy Clerk

CGC-20-587384

**COMPLAINT**

(1) **FAILURE TO PROVIDE REST BREAKS**
(2) **ASSAULT**
(3) **BATTERY**
(4) **PHYSICAL DISABILITY DISCRIMINATION**
(5) **MEDICAL CONDITION DISCRIMINATION**
(6) **AGE DISCRIMINATION**
(7) **FAILURE TO ENGAGE IN INTERACTIVE PROCESS**
(8) **FAILURE TO REASONABLY ACCOMMODATE**
(9) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(10) **RETALIATION**
(11) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
(12) **UNFAIR COMPETITION IN VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE §§ 17200, ET. SEQ.**

**JURY TRIAL DEMANDED**

COMPLAINT

1

1.      Plaintiff Oscar Villatoro (hereinafter "PLAINTIFF") is informed, believes, and hereby alleges as follows:

## I.  INTRODUCTION & JURISDICTION

2.      PLAINTIFF brings this action against GATE GOURMET, INC. (hereinafter "GATE GOURMET") and DOES 1 – 10, inclusive (hereinafter "DOES") (collectively "DEFENDANTS") for compensatory damages, statutory damages, punitive damages, prejudgment interest, attorney's fees and costs, restitution, and other appropriate and just relief.

3.      Jurisdiction is proper in this court because alleged damages exceed $25,000.00.

4.      Venue is proper in this court because, at all relevant times, DEFENDANTS conducted business, PLAINTIFF was employed, and the unlawful employment practices complained of herein occurred at the San Francisco International Airport, owned and operated by the City and County of San Francisco.

## II. PARTIES

5.      PLAINTIFF is an individual.

6.      DEFENDANT is a California corporation that provide airline catering services at the San Francisco International Airport.

7.      PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned, PLAINTIFF'S managers, supervisors, and other employees of DEFENDANTS were acting within the course and scope of their employment.

8.      The actions of PLAINTIFF'S managers, supervisors, and other employees of DEFENDANTS were ratified by DEFENDANTS.

9.      DEFENDANTS exercised direct control over the wages, hours, and working conditions of PLAINTIFF.

10.      DEFENDANTS were at all relevant times PLAINTIFF'S employer, covered by California's Labor Code ("Cal. Lab. Code"), Government Code ("Cal. Govt. Code"), and IWC wage Order No. 5.

11.     DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five (5) or more persons.

12.     PLAINTIFF is ignorant as to the true names and capacities of defendants sued herein as "DOES 1 – 10, inclusive," and therefore sues these by such fictitious names and capacities. DEFENDANTS, including each of these fictitiously named DOE defendants, owned, controlled, managed, or supervised the business for which PLAINTIFF worked, directly or indirectly exercised operational control over the wages, hours, and working conditions of PLAINTIFF, and acted within the course and scope of their employment. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S injuries as herein alleged were proximately caused by the aforementioned DEFENDANTS. DEFENDANTS, including DOES 1 - 10, held ownership, officer, director, executive, managerial, and/or supervisory positions with the remaining defendants, and acted on behalf of the remaining defendants, which included decision-making responsibility for, and establishment of, illegal employment practices for DEFENDANTS which have damaged PLAINTIFF. Therefore, DEFENDANT and DOES 1 - 10, are "employers" as a matter of law and personally liable on the causes of action alleged herein. PLAINTIFF will seek leave of the court to amend this complaint to allege such names and capacities as soon as they are ascertained.

### III.  STATEMENT OF FACTS

13.     On or about September 2016, PLAINTIFF was hired by DEFENDANTS as a porter. PLAINTIFF was over forty (40) years of age at the time of hiring.

14.     PLAINTIFF was a non-exempt employee paid on an hourly basis.

15.     PLAINTIFF'S duties included, but were not limited to, throwing out trash in a location where it was burned, washing and drying plates, mopping, cleaning and vacuuming refrigerated food storage rooms.

16.     PLAINTIFF'S supervisors included, but are were not limited to, Selina, last name unknown ("Selina"), Karen Estrada ("Estrada"), and Blanca Linares ("Linares").

17.     PLAINTIFF worked approximately five (5) days per week on a fluctuating schedule from approximately 1:00 pm to 9:30pm or 5:00 a.m. to 1:30 p.m.

18.     During the course and scope of his employment, PLAINTIFF was not provided nor allowed to take all uninterrupted ten (10) minute rest periods for every four (4) hours of work or a major fraction thereof, as required under California law.

19.     DEFENDANTS failed to pay PLAINTIFF one hour at PLAINTIFF'S regular hourly rate of pay for each rest period that PLAINTIFF was not provided nor allowed to take.

20.     During the course of his employment, PLAINTIFF was unlawfully discriminated against by DEFENDANTS on the basis of his actual and/or perceived physical disability, actual and/or perceived medical condition, and age.

21.     During the course of his employment, PLAINTIFF was also unlawfully discriminated against by DEFENDANTS for associating with a person who has, or is perceived to have, an actual and/or perceived physical disability.

22.     During the course of his employment, DEFENDANTS failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations for him.

23.     During the course of his employment, DEFENDANTS failed to reasonably accommodate PLAINTIFF.

24.     During the course of his employment, DEFENDANTS retaliated against PLAINTIFF for complaining about workplace discrimination and harassment, for engaging in protected activity, and for requesting accommodation.

25.     On or about September 2017, PLAINTIFF had a tonsillectomy and began chemotherapy and radiation therapy as a result of being diagnosed with cancer of his right tonsil. PLAINTIFF was on medical leave from approximately September 2017 to June 2018.

26.     On or about June 2, 2018, PLAINTIFF returned to work for DEFENDANTS.

COMPLAINT

4

27.     On and after June 2, 2018, PLAINTIFF felt fatigue, weakness, dizziness, dry throat, cough, shortness of breath, and tiredness, especially when walking.  Working in cold temperatures caused PLAINTIFF to suffer ear pain. Throwing out garbage in the location where it was being burned negatively affected PLAINTIFF'S health as well.  PLAINTIFF informed DEFENDANTS of his symptoms and the causes of such symptoms.  DEFENDANTS failed to engage with PLAINTIFF in a good faith interactive process to determine effective accommodations for PLAINTIFF. DEFENDANTS failed to reasonably accommodate PLAINTIFF.

28.     On or about June 14, 2018, PLAINTIFF was issued a medical report by the Sutter Health's Radiation Oncology Department informing DEFENDANTS that PLAINTIFF needed reasonable accommodations.   Specifically, DEFENDANTS were informed that PLAINTIFF suffered from chronic dry throat and should limit his time working in a heated room.  The letter reads, "Oscar Villatoro has been ill, and has received treatment at our clinic. As a result of Mr. Villatoro's illness and treatment, he suffers from a chronic dry throat which makes it difficult for him to work for extended periods of time in a heated room. Therefore, Mr. Villatoro should limit the amount of time he spends in this environment. If you have any questions and/or concerns, please feel free to contact my office."

29.     DEFENDANTS failed to engage with PLAINTIFF in a good faith interactive process to determine effective reasonable accommodations for PLAINTIFF.  DEFENDANTS failed to reasonable accommodate PLAINTIFF. DEFENDANTS continued to assign PLAINTIFF to work in heated rooms for extended periods of time after PLAINTIFF provided DEFENDANTS with the June 14, 2018 letter.

30.     On and after June 2018, Linares observed that PLAINTIFF was having a difficult time performing his duties and took longer to complete his tasks.  In response to Linares' observations, Linares told PLAINTIFF that he should quit.  The last time that Linares told PLAINTIFF that he should quit was approximately February 2019. PLAINTIFF did not want to quit working for DEFENDANTS and felt that DEFENDANTS were forcing him to quit.

PLAINTIFF is informed and believes that Linares made these statements to PLAINTIFF on the basis of his actual and/or perceived physical disability, actual and/or medical condition, and age.

31.   On or about November 2018, while PLAINTIFF was working, Robert Brewer ("Brewer"), Porter for DEFENDANTS, forcibly grabbed PLAINTIFF by his left elbow. Immediately thereafter, PLAINTIFF reported the battery to Linares.  DEFENDANT failed to remedy PLAINTIFF'S complaint. To PLAINTIFF'S knowledge, Brewer was not disciplined for this incident.

32.   On or about November 10, 2018, at approximately 1:25 p.m., PLAINTIFF suffered a workplace injury while working for DEFENDANTS.  PLAINTIFF was picking up boxes and putting them away when a cart drove from behind and hit PLAINTIFF, injuring his right elbow and lower right back.  Upon hitting PLAINTIFF, the driver in the cart drove away and PLAINTIFF went after him.  When PLAINTIFF caught up to the driver, PLAINTIFF asked the driver for his name. The driver shouted at PLAINTIFF and identified himself as George, last name unknown ("George"), and asked why PLAINTIFF was asking for his name.  PLAINTIFF reported the incident to DEFENDANTS and filled out an Incident Statement Form.  An Employee Incident Investigation Form was prepared as well.  Estrada was to follow up regarding the incident. DEFENDANTS never followed up with PLAINTIFF regarding the incident.  DEFENDANTS failed to engage with PLAINTIFF in a good faith interactive process to determine effective reasonable accommodations for PLAINTIFF.  DEFENDANTS failed to reasonably accommodate PLAINTIFF.  To PLAINTIFF'S knowledge, George was not reprimanded for hitting PLAINTIFF with DEFENDANTS' cart.

33.   On or about December, 23, 2018, at approximately 1:00 p.m., Plaintiff was working with Brewer.  At approximately 2:30 p.m., Brewer approached PLAINTIFF, yelled at him to run the machine in the kitchen, raised his hand at PLAINTIFF as if he was going to hit him, and hit PLAINTIFF'S right wrist. . PLAINTIFF immediately reported the assault and battery to Jason Martinez ( "Martinez"), Chef for DEFENDANTS.  Martinez told PLAINTIFF to write a report about the incident, which Martinez would forward to Estrada.  PLAINTIFF prepared a handwritten

letter to Martinez to forward to Estrada. DEFENDANTS never followed up with PLAINTIFF regarding the incident with Brewer. To PLAINTIFF'S knowledge, Brewer was not disciplined for the assault and battery of PLAINTIFF.

34. On or about January 15, 2019, PLAINTIFF was issued a letter by Sutter Health's Dorothy E. Schneider Cancer Center informing DEFENDANTS that PLAINTIFF needed reasonable accommodations. The letter reads, "Oscar Villatoro has been ill, and has received treatment at our clinic. As a result of Mr. Villatoro's illness and treatment, he suffers from a chronic dry throat which makes it difficult for him to work for extended periods of time in a cold room. Therefore, Mr. Villatoro should limit the amount of time he spends in this environment. If you have any questions and/or concerns, please feel free to contact my office." DEFENDANTS failed to engage with PLAINTIFF in a good faith interactive process to determine effective reasonable accommodations for PLAINTIFF. DEFENDANTS failed to reasonably accommodate PLAINTIFF.

35. On or about January 19, 2019, at approximately 4:30 p.m., PLAINTIFF suffered a workplace injury at DEFENDANTS. PLAINTIFF fell while walking down the stairs, injuring his left hip and left elbow. PLAINTIFF immediately informed Linares about his injury and told her that PLAINTIFF was in pain. In response, Linares instructed PLAINTIFF to report the incident to a supervisor. Linares did not offer to prepare a report regarding PLAINTIFF's injury or offer to inform a supervisor herself. Linares did not instruct PLAINTIFF to seek medical treatment. PLAINTIFF looked for Estrada but could not find her. As a result, PLAINTIFF continued working.

36. Later that same day, around 8:30 p.m., PLAINTIFF fell again while walking down the stairs, aggravating his hip and elbow injury. PLAINTIFF reported his second fall to Linares and repeated that PLAINTIFF was in pain. Linares was annoyed at PLAINTIFF and said "¿Otra vez?, Estas malo ("Again? You are sick."). Again, Linares instructed PLAINTIFF to report the incident to a supervisor or offer to inform a supervisor herself. Again, Linares did not offer to prepare a report regarding PLAINTIFF'S injury and did not instruct PLAINTIFF to seek medical treatment.

37.    At approximately 9:30 p.m., after looking for a supervisor, PLAINTIFF told Linares that he was not able to find the supervisor from his department.  In response, Linares instructed PLAINTIFF to look in the kitchen for Tulu, last name unknown ("Tulu"), Chef and Supervisor for DEFENDANTS, so that he can prepare a report.  Linares was acting as a Spanish interpreter while PLAINTIFF informed Tulu of both slip and fall incidents.  PLAINTIFF informed Tulu that he was in pain, that PLAINTIFF scratched his arm, that he wanted him to prepare a report of the slip and fall incidents, and informed Tulu that he had a witness to one of the incidents.  Tulu did not instruct PLAINTIFF to seek medical treatment.  At one point, Tulu and Linares laughed at PLAINTIFF when he was trying to show them his lower back injury.  Tulu told PLAINTIFF that he was fine and that he go home.  Contrary to Tulu's statement, PLAINTIFF was not feeling okay.  PLAINTIFF was under the impression that Tulu was going to prepare a report regarding his slip and fall injuries.

38.    On or about February 2019, during group exercises, Linares told Francisco, last name unknown ("Francisco"), Manager for DEFENDANTS, that she saw PLAINTIFF work and is not working 100%.  In response, Francisco told PLAINTIFF "If you are not well and not doing your duties well, then quit."  PLAINTIFF complained to DEFENDANTS regarding Francisco's statement.  DEFENDANTS failed to remedy PLAINTIFF'S complaint.  PLAINTIFF is informed and believes that Linares and Francisco made these statements to PLAINTIFF on the basis of his actual and/or perceived physical disability, actual and/or perceived medical condition, and age.

39.    On or about February 12, 2019, around 3:00 p.m., PLAINTIFF inquired to Estrada whether she had received his work accident report for the injuries he sustained on January 19, 2019. Estrada told PLAINTIFF that she did not have the work accident report and was going to suspend him for not reporting the accident on time.  PLAINTIFF was shocked at Estrada's response given that PLAINTIFF had reported the incident to Tulu, a supervisor for DEFENDANTS, and requested that Tulu prepare a report.  PLAINTIFF told Estrada that he reported his injury to Tulu.  Estrada ignored PLAINTIFF'S explanation.

40. On or about February 13, 2019, PLAINTIFF'S wife suffered an accident at her job. PLAINTIFF was given a doctor note specifying that PLAINTIFF could not work February 14, 2019 and February 15, 2019 in order to take care of his wife.

41. On or about February 14, 2019, at approximately 11:00 a.m., PLAINTIFF informed Estrada of his wife's accident and provided the February 13, 2019 doctor note to Estrada. Estrada saw PLAINTIFF and gave him a suspension letter until further notice. Estrada issued a disciplinary action notice to PLAINTIFF for allegedly "failing to report incident that happened in a timely manner." The notice was a final warning which specified that PLAINTIFF was suspended effective February 14, 2019 pending investigation. Because PLAINTIFF believed that the disciplinary action was discriminatory, unfair, and unwarranted, PLAINTIFF did not sign the notice. Estrada sent Plaintiff home.

42. At no point was PLAINTIFF contacted by anyone at DEFENDANTS regarding the alleged pending investigation.

43. On or around February 21, 2019, DEFENDANTS terminated PLAINTIFF'S employment. PLAINTIFF is informed and believes that DEFENDANTS wrongfully terminated PLAINTIFF'S employment on the basis of his actual and/or perceived physical disability, actual and/or perceived medical condition, age, and for associating with a person who has, or is perceived to have, an actual and/or perceived physical disability. PLAINTIFF is informed and believes that DEFENDANTS wrongfully terminated his employment in retaliation for complaining about workplace discrimination and harassment, for engaging in protected activity, requesting accommodations, and DEFENDANTS' belief that PLAINTIFF would need accommodation in the future.

44. DEFENDANTS failed to take all reasonable steps necessary to prevent the discrimination and harassment against PLAINTIFF from occurring.

45. DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF'S harm.

46. DEFENDANTS intended to cause PLAINTIFF emotional distress and acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress.

47.     As a result of the discriminatory and retaliatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, emotional and physical distress, and has been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies.  As a result of such discriminatory and retaliatory harm, PLAINTIFF has suffered such damages in an amount according to proof.

48.     As a proximate result of DEFENDANTS' discriminatory and retaliatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had continued to work for DEFENDANTS, been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination, retaliation, and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

49.     DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

50.     DEFENDANTS aided and abetted, authorized, and/or ratified the wrongful conduct of its owners, shareholders, officers, directors, managers, employees, and agents, for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

51.     On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

### V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

(*Failure to Authorize and Permit Rest Breaks*)

52.     PLAINTIFF re- alleges and incorporates by reference the allegations of paragraphs above.

53.     Pursuant to Labor Code § 226.7(a) and IWC Wage Order No 5, DEFENDANTS are required to authorize and permit employees such as PLAINTIFF to take rest periods based upon the total hours worked, at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

54.     DEFENDANTS failed and refused to authorize and permit PLAINTIFF to take proper 10-minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Cal. Labor Code § 226.7(a) and IWC Wage Order No 5.

55.     DEFENDANTS have violated IWC Wage Order No. 5 and Cal. Labor Code § 226.7(b) by failing to pay PLAINTIFF one hour of pay at PLAINTIFF'S regular rate of pay for each work day rest periods were required but nor provided.

## SECOND CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Assault)*

56.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

57.     Brewer's foregoing conduct alleged constituted separate and distinct assault's upon PLAINTIFF.

58.     Brewer acted with an intent to cause imminent, unwelcome fear of offensive contact with PLAINTIFF, and a fear of imminent and unwelcome contact occurred each time Brewer approached or attempted to touch PLAINTIFF.

59.     It reasonably appeared to PLAINTIFF that Brewer was about to carry out his threat.

60.     PLAINTIFF did not consent to Brewer's conduct.

61.     Brewer's conduct was a substantial factor in causing PLAINTIFF'S harm.

62.     A reasonable person in PLAINTIFF'S situation would have been offended by Brewer's conduct.

63.    Brewer was an agent and/or employee of DEFENDANTS.  Brewer's tortious acts were committed within the during the course and scope of such agency and employment.

64.    Brewer conduct alleged herein was intentional, outrageous, malicious and committed for the purpose of causing PLAINTIFF to suffer humiliation, mental anguish, and severe physical and emotional distress, entitling PLAINTIFF an award of punitive damages.

65.    As a direct and proximate result of Brewer's conduct, PLAINTIFF was injured in his strength, health, and activity, sustaining shock and injury to his nervous system, all of which has caused and continue to cause PLAINTIFF great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to his damage in an amount in excess of the minimum subject matter jurisdiction of this Court and according to proof.

66.    Brewer's actions allege above were permitted by DEFENDANTS, done maliciously, oppressively and/or fraudulently with conscious disregard of the rights or safety of PLAINTIFF.  PLAINTIFF is therefore entitled to recover punitive damage against DEFENDANTS.

### THIRTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Battery)*

67.    PLAINTIFF re-alleges and incorporates by reference the allegations of paragraph above.

68.    Brewer's foregoing conduct allege constituted separate and distinct batteries upon PLAINTIFF.

69.    Brewer acted with an intent to cause a harmful or offensive contact with the body of PLAINTIFF, and an offensive or harmful contact directly resulted each and every time Brewer touched or attempted to touch PLAINTIFF without PLAINTIFF'S consent. Brewer committed battery against PLAINTIFF.

70.    PLAINTIFF did not consent to Brewer's conduct.

71.    Brewer's conduct was a substantial factor in causing PLAINTIFF'S harm.

72.     Brewer's conduct alleged herein was intentional, outrageous, malicious and committed for the purposed of causing PLAINTIFF to suffer humiliation, mental anguish, and severe physical and emotional distress.

73.     As a direct and proximate result of Brewer's conduct, PLAINTIFF was injured in her strength, health, and activity, sustaining shock and injury to his nervous system, all of which has caused and continue to cause PLAINTIFF great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to his damage in an amount in excess of the minimum subject matter jurisdiction of this Court and according to proof.

74.     As a direct and proximate cause of the conduct alleged herein, PLAINTIFF has suffered and continue to suffer losses in earnings, deferred compensation, employment benefits and earning capacity, opportunities for employment advancement, embarrassment, humiliation, mental anguish and distress, all to his damage in an amount according to proof.

75.     Brewer's conduct actions allege above were done under DEFENDANTS' permissive conduct, and with maliciously, oppressively and/or fraudulently with conscious disregard of the rights or safety of PLAINTIFF.  PLAINTIFF is therefore entitled to recover punitive damage against DEFENDANTS.

## **FOURTH CAUSE OF ACTION**

By PLAINTIFF against DEFENDANTS

*(Physical Disability Discrimination)*

76.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraph above.

77.     DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANT regularly employ five (5) or more persons.

78.     The discriminatory actions by DEFENDANTS against PLAINTIFF, as alleged, constituted unlawful discrimination in employment on account of PLAINTIFF'S actual and/or perceived physical disability in violation of Government Code Section 12940(a).

79.     Despite the actual and constructive knowledge by DEFENDANTS of the discriminatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such discrimination from occurring.

80.     As a proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

81.     As a further proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

82.     The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

83.     DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, and agents for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

84.     On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

1

## FIFTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Medical Condition Discrimination)*

1.     PLAINTIFF re-alleges and incorporates by reference the allegations of paragraph above.

85.     DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANT regularly employ five (5) or more persons.

86.     The discriminatory actions by DEFENDANTS against PLAINTIFF, as alleged, constituted unlawful discrimination in employment on account of PLAINTIFF'S actual and/or perceived medical condition in violation of Government Code Section 12940(a).

87.     Despite the actual and constructive knowledge by DEFENDANTS of the discriminatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such discrimination from occurring.

88.     As a proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

89.     As a further proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

90.   The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

91.   DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, and agents for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

92.   On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## SIXTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Age Discrimination)*

93.   PLAINTIFF re-alleges and incorporates by reference the allegations of paragraph above.

94.   DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANT regularly employ five (5) or more persons.

95.   The discriminatory actions by DEFENDANTS against PLAINTIFF, as alleged, constituted unlawful discrimination in employment on account of PLAINTIFF'S age in violation of Government Code Section 12940(a).

96.   Despite the actual and constructive knowledge by DEFENDANTS of the discriminatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such discrimination from occurring.

97.   As a proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the

positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

98.    As a further proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

99.    The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

100.    DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, and agents for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

101.    On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## SEVENTH CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(Failure to Engage in Interactive Process)*

102.    PLAINTIFF re-alleges and incorporates by reference the allegations of paragraphs above.

103.    Pursuant to FEHA, it is unlawful employment practice for an employer to refuse and fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable

COMPLAINT

17

accommodations by an employee with a known physical or mental disability or known medical condition.

104.    DEFENDANTS failed to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation in violation of Government Code Section 12940(n).

105.    PLAINTIFF was willing to participate in an interactive process with DEFENDANTS to determine reasonable accommodations for him.

106.    As a proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

107.    As a further proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

108.    The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

109.    DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, and agents for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

110.    On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this

notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## EIGHTH CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(Failure to Reasonably Accommodate)*

111.   PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

112.   Pursuant to FEHA, it is unlawful employment practice for an employer to fail to reasonably accommodate an employee's known physical disability.

113.   DEFENDANTS failed to reasonably accommodate PLAINTIFF in violation of Government Code Section 12940(m).

114.   As a proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

115.   As a further proximate result of the discriminatory actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

116.   The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

117.   DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, and agents for which the damages are sought.  As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

118.   On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## NINTH CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(Intentional Infliction of Emotional Distress)*

119.   PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

120.   DEFENDANTS' conduct towards PLAINTIFF was outrageous.

121.   DEFENDANTS intended to cause PLAINTIFF emotional distress and acted with reckless disregard of the probability that PLAINTIFF would suffer emotional distress.

122.   As a proximate result of DEFENDANTS' actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of DEFENDANTS' actions and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

123.   As a proximate result of DEFENDANTS' actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered severe emotional distress, including humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  PLAINTIFF has suffered such damages in an amount according to proof.

COMPLAINT

20

1       124.   DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with

2  conscious disregard of the rights of PLAINTIFF.

3       125.   DEFENDANTS, aided and abetted, authorized, and/or ratified the wrongful

4  conduct each other, its managers, employees, and agents for which the damages are sought.  As a

5  result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from

6  such conduct in the future.

7                                    **TENTH CAUSE OF ACTION**

8                          By PLAINTIFF Against DEFENDANTS

9                                  *(Retaliation)*

10      126.   PLAINTIFF re-alleges and incorporates by reference the allegations of the

11  paragraphs above.

12      127.   The actions by DEFENDANTS against PLAINTIFF, as alleged, constituted

13  unlawful retaliation in employment on account of PLAINTIFF'S opposition to the discriminatory

14  practices of DEFENDANT in violation of Government Code Section 12940(h).

15      128.   DEFENDANTS and its agents, directors, managers, supervisors, and employees

16  knew or should have known its actions were unwanted and retaliatory because PLAINTIFF

17  complained about them to DEFENDANTS.

18

19      129.   As a proximate result of the retaliatory actions by DEFENDANTS against

20  PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary,

21  benefits, intangible loss of such employment-related opportunities such as experience in the

22  positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would

23  have received if PLAINTIFF had been properly promoted, received proper wage increases, and

24  increased hours of work.  As a result of such retaliation and consequent harm, PLAINTIFF has

25  suffered such damages in an amount according to proof.

26      130.   As a further proximate result of the retaliatory actions by DEFENDANTS against

27  PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental

28

anguish, and emotional and physical distress, and has been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies. As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

131. The conduct of DEFENDANTS was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

132. DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, and agents for which the damages are sought. As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

133. On October 31, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH"). A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

### ELEVENTH CAUSE OF ACTION

By PLAINTIFF Against DEFENDANTS

*(Wrongful Termination in Violation of Public Policy)*

134. PLAINTIFF re-alleges and incorporates by reference the allegations of the paragraphs above.

135. The fundamental public policies that DEFENDANT violated, or implicated, are the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA).

136. As a proximate result of the conduct of PLAINTIFF as described in the paragraphs above, and in violation of public policy as set forth in the paragraph above, DEFENDANTS terminated PLAINTIFF'S employment.

137. As a proximate result of DEFENDANTS' actions, PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money he

1  would have received if PLAINTIFF had continued to work for DEFENDANTS, been properly

2  promoted, received proper wage increases, and increased hours of work.  As a result of

3  DEFENDANTS' actions and consequent harm, PLAINTIFF have suffered such damages in an

4  amount according to proof.

## TWELFTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Unfair Competition in Violation of Cal. Business and Professions Code §§ 17200 et. seq.)*

138.   PLAINTIFF realleges and incorporates by reference the allegations of paragraphs above.

139.   California Business and Professional Code § 17200, *et seq.* prohibit acts of unfair competition including any "unlawful and unfair business practices.", which shall mean and include "unlawful and unfair business practices."

140.   The conduct of DEFENDANTS as alleged herein has been and continues to be unfair, unlawful, and deleterious to PLAINTIFF, his co-workers and to the general public. PLAINTIFF hereby seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.  PLAINTIFF is "person" within the meaning of Business and Professions Code § 17204, and therefore has standing to bring this suit for restitution.

141.   The prompt and proper payment of wages is a fundamental public policy of the State of California.

142.   It is also the public policy of the State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

143.   Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business and Professions Code §§ 17200 et. seq., depriving PLAINTIFF and other employees

working for DEFENDANTS the rights, benefits, and privileges guaranteed to employees under California law.

144.   DEFENDANTS regularly and routinely violated the following statutes and regulations with respect to PLAINTIFF and other employees of DEFENDANTS:

145.   Failure to provide proper rest breaks (Labor Code § 226.7 and IWC Wage Order 5); and

146.   Discrimination (Fair Employment and Housing Act).

147.   By engaging in these business practices, which are unfair and unlawful business practices within the meaning of Business and Professions Code §§ 17200 et. seq., DEFENDANTS harmed PLAINTIFF, and the general public, and DEFENDANTS have gained an unfair competitive edge.

148.   Under Business and Professions Code § 17203, PLAINTIFF is entitled to obtain restitution of these funds on behalf of himself and others affected by DEFENDANTS unfair and/or unlawful business practices as set forth herein.

149.   Pursuant to Business and Professions Code § 17202, PLAINTIFF is entitled to specific relief enforcing the penalty provisions of various Labor Code sections for himself and for members of the general public in amounts to be proven at trial.  Failure to enforce the penalties due would result in the unlawful enrichment of DEFENDANTS and would promote unfair competition.

150.   PLAINTIFF'S success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public.  Private enforcement of the rights enumerated in this Complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any.  The named PLAINTIFF individually, and by and through counsel, is incurring a financial burden in pursuing this action on behalf of the general public.  PLAINTIFF further seeks to enjoin the above-referenced unlawful actions under the Labor Code and applicable IWC Wage Order.

## VI.  PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court enter judgment in his favor and against DEFENDANTS as follows:

1.  Compensatory and consequential damages according to proof, including but not limited to back pay, front pay, wage loss, and other monetary relief;

2.  Statutory damages according to proof;

3.  Compensation of one hour at the regular rate of pay for each rest period denied in violation of Labor Code § 226.7 and applicable Wage Order, according to proof

4.  Punitive damages according to proof;

5.  Emotional distress damages according to proof;

6.  Prejudgment interest according to proof;

7.  Attorney's fees and costs made payable to the Liberation Law Group, P.C., pursuant to Civ. Proc. Code § 1021.5; Cal. Labor Code § 218.5; Cal. Govt. Code § 12965(b) and other applicable laws;

8.  Pursuant to Business & Professions Code § 17203, an award of restitution for the unjustly amounts earned or retained by DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof; and

9.  For such other and further relief as the court deems just and proper.


Dated: October 30, 2020                         LIBERATION LAW GROUP, P.C.


By: _____
            Ernesto Sanchez
            Attorney for PLAINTIFF

COMPLAINT

25

1

## VII.  JURY DEMAND

2

PLAINTIFF hereby demands a trial by jury.

3

4    DATED: October 30, 2020                    LIBERATION LAW GROUP, P.C.

5

6                                        By: _____

7                                             Ernesto Sanchez
                                              Attorney for PLAINTIFF

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# Exhibit A



STATE OF CALIFORNIA l Business, Consumer Services and Housing Agency               GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 l Elk Grove l CA l 95758
(800) 884-1684 (Voice) l (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov l Email: contact.center@dfeh.ca.gov

October 31, 2019

Ernesto Sanchez, Esq.
Liberation Law Group, P.C., 2760 Mission Street
San Francisco, California 94110

RE:    **Notice to Complainant's Attorney**
        DFEH Matter Number: 201910-08125931
        Right to Sue: Villatoro / Gate Gourmet, Inc.

Dear Ernesto Sanchez, Esq.:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 31, 2019

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 201910-08125931
       Right to Sue: Villatoro / Gate Gourmet, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 31, 2019

Oscar Villatoro
Liberation Law Group, P.C., 2760 Mission Street
San Francisco, California 94110

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 201910-08125931
       Right to Sue: Villatoro / Gate Gourmet, Inc.

Dear Oscar Villatoro,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 31, 2019 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5
Oscar Villatoro                                                    DFEH No. 201910-08125931

6
Complainant,

7
vs.

8
Gate Gourmet, Inc.
2710 Gateway Oaks Drive, Suite 150N
9
Sacramento, California 95833

10
Respondents

11
_____

12
1. Respondent **Gate Gourmet, Inc.** is an **employer** subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
13

14
2. Complainant **Oscar Villatoro**, resides in the City of **San Francisco** State of
**California.**

15

16
3. Complainant alleges that on or about **February 21, 2019,** respondent took the
following adverse actions:

17

18
**Complainant was harassed** because of complainant's disability (physical or
mental), medical condition (cancer or genetic characteristic), age (40 and over).

19
**Complainant was discriminated against** because of complainant's disability
(physical or mental), medical condition (cancer or genetic characteristic), age (40
20
and over), association with a member of a protected class and as a result of the
discrimination was terminated, reprimanded, suspended, asked impermissible non-
21
job-related questions, denied reasonable accommodation for a disability.

22
**Complainant experienced retaliation** because complainant reported or resisted
23
any form of discrimination or harassment, requested or used a disability-related
accommodation and as a result was terminated, reprimanded, suspended, denied
24
reasonable accommodation for a disability.

25

26

27
-1-
*Complaint – DFEH No. 201910-08125931*

28
Date Filed: October 31, 2019

1  **Additional Complaint Details:** During the course of his employment, Oscar
   Villatoro ("Plaintiff") was unlawfully discriminated against by Gate Gourmet, Inc.
2  ("Defendant") on the basis of his actual and/or perceived physical disability, actual
   and/or perceived medical condition, and age.
3

4  During the course of his employment, Plaintiff was also unlawfully discriminated
   against by Defendant for associating with a person who has, or is perceived to have,
5  an actual and/or perceived physical disability.

6
   During the course of his employment, Defendant failed to engage in a timely, good
7  faith, interactive process with Plaintiff to determine effective reasonable
   accommodations for him.
8
   During the course of his employment, Defendant failed to reasonably accommodate
9  Plaintiff.

10
   During the course of his employment, Plaintiff was unlawfully harassed by Defendant
11 on the basis of his actual and/or perceived physical disability, and actual and/or
   perceived medical condition.
12
   During the course of his employment, Plaintiff was retaliated against for complaining
13 about workplace discrimination and harassment, for engaging in protected activity,
   and for requesting accommodation.
14

15 On or about September 2016, Plaintiff was hired by Defendant as a Porter.  Plaintiff
   was in his fifties at the time of hiring.
16

17 Plaintiff's duties included, but were not limited to, throwing out garbage in a location
   where it was burned, washing and drying plates, mopping, cleaning, and vacuuming
18 refrigerated food storage rooms.

19 Plaintiff's supervisors included, but were not limited to Karen Estrada ("Estrada"),
   and Blanca Linares ("Linares"), Lead Porter for Defendant.
20

21 On or about September 2017, Plaintiff had a tonsillectomy and began chemotherapy
   and radiation therapy as a result of being diagnosed with cancel of his right tonsil.
22 Plaintiff was on medical leave from approximately September 2017 to June 2018.

23 On or about June 2, 2018, Plaintiff returned to work for Defendant.

24 On or about June 14, 2018, Sutter Health's Radiation Oncology Department
   provided Plaintiff with a letter informing Defendant that Plaintiff needed reasonable
25 accommodations.  Specifically, Defendant was informed that Plaintiff suffered from

26

27                                         -2-
                              *Complaint – DFEH No. 201910-08125931*

28 Date Filed: October 31, 2019

chronic dry throat and should limit his time working in a heated room. The letter reads, "Oscar Villatoro has been ill, and has received treatment at our clinic. As a result of Mr. Villatoro's illness and treatment, he suffers from a chronic dry throat which makes it difficult for him to work for extended periods of time in a heated room. Therefore, Mr. Villatoro should limit the amount of time he spends in this environment. If you have any questions and/or concerns, please feel free to contact my office." Defendant failed to engage with Plaintiff in a good faith interactive process to determine effective reasonable accommodations for Plaintiff. Defendant failed to reasonably accommodate Plaintiff. Defendant continued to assign Plaintiff to work in heated rooms for extended periods of time after Plaintiff provided Defendant with the June 14, 2018 letter.

On and after June 2, 2018, Plaintiff felt fatigue, weakness, dizziness, dry throat, cough, shortness of breath, and tiredness, especially when walking. Working in cold temperatures caused Plaintiff to suffer ear pain. Throwing out garbage in the location where it was being burned negatively affected Plaintiff's health as well. Plaintiff informed Defendant of his symptoms and the causes of such symptoms. Defendant failed to engage with Plaintiff in a good faith interactive process to determine effective reasonable accommodations for Plaintiff. Defendant failed to reasonably accommodate Plaintiff.

On and after June 2018, Linares observed that Plaintiff was having a difficult time performing his duties and took longer to complete his tasks. In response to Linares' observations, Linares told Plaintiff that he should quit. The last time that Linares told Plaintiff that he should quit her observations was approximately February 2019. Plaintiff did not want to quit working for Defendant and felt that Defendant was forcing him to quit. Plaintiff is informed and believes that Linares made these statements to Plaintiff on the basis of his actual and/or perceived physical disability, actual and/or medical condition, and age.

On or around November 2018, while Plaintiff was working, Robert Brewer ("Brewer"), Porter for Defendant, forcibly grabbed Plaintiff by the left elbow. Immediately thereafter, Plaintiff reported the battery to Linares. Defendant failed to remedy Plaintiff's complaint. To Plaintiff's knowledge, Brewer was not disciplined for this incident.

On or about November 10, 2018, at approximately 1:25 p.m., Plaintiff suffered a workplace injury while working for Defendant. Plaintiff was picking up boxes and putting them away when a cart drove from behind and hit Plaintiff, injuring his right elbow and lower right back. Upon hitting Plaintiff, the driver of the cart drove away and Plaintiff went after it. When Plaintiff caught up to the cart, Plaintiff asked the cart driver for his name. The driver shouted at Plaintiff and identified himself as George, last name unknown ("George"), and asked why Plaintiff was asking for his name.

Plaintiff reported the incident to Defendant and filled out an Incident Statement Form. An Employee Incident Investigation Form was prepared as well. Estrada was to follow up regarding the incident. Defendant never followed up with Plaintiff regarding the incident. Defendant failed to engage with Plaintiff in a good faith interactive process to determine effective reasonable accommodations for Plaintiff. Defendant failed to reasonably accommodate Plaintiff. To Plaintiff's knowledge, George was not reprimanded for hitting Plaintiff with Defendant's cart.

On or about December 23, 2018, at approximately 1:00 p.m., Plaintiff was working with Brewer. At approximately 2:30 p.m., Brewer approached Plaintiff, yelled at him to run the machine in the kitchen, raised his hand at Plaintiff as if he was going to hit him, and hit Plaintiff's right wrist. Plaintiff immediately reported the assault and battery to Jason Martinez ("Martinez"), Chef for Defendant. Martinez told Plaintiff to write a report about the incident, which Martinez would forward to Estrada. Plaintiff prepared a handwritten letter to Martinez to forward to Estrada. Defendant never followed up with Plaintiff regarding the incident with Brewer. To Plaintiff's knowledge, Brewer was not disciplined for the assault and battery of Plaintiff.

On or about January 15, 2019, Sutter Health's Dorothy E. Schneider Cancer Center provided Plaintiff with a letter informing Defendant that Plaintiff needed reasonable accommodations. The letter reads, "Oscar Villatoro has been ill, and has received treatment at our clinic. As a result of Mr. Villatoro's illness and treatment, he suffers from a chronic dry throat which makes it difficult for him to work for extended periods of time in a cold room. Therefore, Mr. Villatoro should limit the amount of time he spends in this environment. If you have any questions and/or concerns, please feel free to contact my office." Defendant failed to engage with Plaintiff in a good faith interactive process to determine effective reasonable accommodations for Plaintiff. Defendant failed to reasonably accommodate Plaintiff.

On or about January 19, 2019, at approximately 4:30 p.m., Plaintiff suffered a workplace injury at Defendant. Plaintiff fell while walking down the stairs, injuring his left hip and left elbow. Immediately, Plaintiff informed Linares about his injury and told her that Plaintiff was in pain. In response, Linares instructed Plaintiff to report the incident to a supervisor. Linares did not offer to prepare a report regarding Plaintiff's injury or offer to inform a supervisor herself. Linares did not instruct Plaintiff to seek medical treatment. Plaintiff looked for Estrada but could not find her. As a result, Plaintiff continued working.

Later that day, at approximately 8:30 p.m., Plaintiff again fell while walking down the stairs, aggravating his hip and elbow injury. Plaintiff reported his second fall to Linares and repeated that Plaintiff was in pain. Linares was annoyed at Plaintiff and said, "¿Otra vez? Estas malo" (Again? You're sick). Again, Linares instructed Plaintiff to report the incident to a supervisor or offer to inform a supervisor herself.

Date Filed: October 31, 2019

1  Again, Linares did not offer to prepare a report regarding Plaintiff's injury and did not
2  instruct Plaintiff to seek medical treatment.

3  At approximately 9:30 p.m., after looking for a supervisor, Plaintiff told Linares that
   he was not able to find a supervisor from his department. In response, Linares
4  instructed Plaintiff to look for Tulu, last name unknown ("Tulu"), Chef and Supervisor
   for Defendant, in the kitchen so he can prepare a report. After finding Tulu, Plaintiff
5  informed him of both slip and fall incidents. Linares was acting as a Spanish
6  interpreter while Plaintiff reported the slip and fall incidents to Tulu. Plaintiff informed
   Tulu that he was in pain, that Plaintiff scratched his arm, that he wanted him to
7  prepare a report of the slip and fall incidents, and informed Tulu that he had a
   witness to one of the incidents. Tulu did not instruct Plaintiff to seek medical
8  treatment. At one point, Tulu and Linares laughed at Plaintiff when he was trying to
   show them his lower back injury. Tulu told Plaintiff that he was fine and that he go
9  home. Contrary to Tulu's statement, Plaintiff was not feeling okay. Plaintiff was
10 under the impression that Tulu was going to prepare a report regarding his slip and
   fall injuries.

11
   On or about February 2019, during group exercises, Linares told Francisco, last
12 name unknown ("Francisco"), Manager for Defendant, that she saw Plaintiff work
   and is not working 100%. In response, Francisco told Plaintiff, "If you are not well
13 and not doing your duties well, quit." Plaintiff complained to Defendant regarding
14 Francisco's statement. Defendant failed to remedy Plaintiff's complaint. Plaintiff is
   informed and believes that Linares and Francisco made these statements to Plaintiff
15 on the basis of his actual and/or perceived physical disability, actual and/or
   perceived medical condition, and age.
16
   On or about February 12, 2019, at approximately 3:00 p.m., Plaintiff inquired to
17 Estrada whether she had received his work accident report for the injuries he
18 sustained on January 19, 2019. Estrada told Plaintiff that she did not have the work
   accident report and was going to suspend him for not reporting the accident on time.
19 Plaintiff was shocked at Estrada's response given that Plaintiff had reported the
   incident to Tulu, a supervisor for Defendant, and requested that Tulu prepare a
20 report. Plaintiff told Estrada that he reported his injury to Tulu. Estrada ignored
21 Plaintiff's explanation.

22 On or about February 13, 2019, Plaintiff's wife suffered an accident at her job.
   Plaintiff was given a doctor note specifying that Plaintiff could not work February 14,
23 2019 and February 15, 2019. Plaintiff had to take care of his wife.

24 On February 14, 2019, at approximately 11:00 a.m., Plaintiff informed Estrada of his
25 wife's accident and provided the February 13, 2019 doctor note to Estrada. "Oscar,
   it's good that you came. I have your suspension letter here for you." Estrada
26

27                                    -5-
                        Complaint – DFEH No. 201910-08125931
28
   Date Filed: October 31, 2019

1  handed Plaintiff the suspension letter.  Estrada issued a disciplinary action notice to
2  Plaintiff for allegedly "failing to report incident that happened in a timely manner."
   The notice was a final warning which specified that Plaintiff was suspended effective
3  February 14, 2019 pending investigation.  Because Plaintiff believed that the
   disciplinary action was discriminatory, unfair, and unwarranted, Plaintiff did not sign
4  the notice.  Estrada sent Plaintiff home.

5  At no point was Plaintiff contacted by anyone at Defendant regarding the alleged
6  pending investigation.

7  On or about February 21, 2019, Defendant terminated Plaintiff's employment.
   Plaintiff was fired for allegedly violating work rule #15 failure to report accidents
8  immediately, including personal injury on the job.  Plaintiff is informed and believes
   that Defendant wrongfully terminated his employment on the basis of his actual
9  and/or perceived physical disability, actual and/or perceived medical condition, age,
   and for associating with a person who has, or is perceived to have, an actual and/or
10 perceived physical disability.  Plaintiff is informed and believes that Defendant
11 wrongfully terminated his employment in retaliation for complaining about workplace
   discrimination and harassment, for engaging in protected activity, for requesting
12 accommodation, and Defendant's belief that Plaintiff would need accommodations in
13 the future.

14 Defendant failed to take all reasonable steps necessary to prevent the discrimination
   and harassment against Plaintiff from occurring.
15

16

17

18

19

20

21

22

23

24

25

26

27
                                        -6-
                        *Complaint -- DFEH No. 201910-08125931*
28
   Date Filed: October 31, 2019

1  VERIFICATION

2  I, **Ernesto Sanchez**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4

   On October 31, 2019, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                              **San Francisco, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                    -7-
                                    *Complaint – DFEH No. 201910-08125931*
28
   Date Filed: October 31, 2019

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arlo Garcia Uriarte, SBN: 231764; Ernesto Sanchez, SBN: 278006<br>Liberation Law Group, P.C.<br>2760 Mission Street<br>San Francisco, CA 94110 | **FILED**<br>San Francisco County Superior Court<br><br>OCT 3 0 2020<br><br>CLERK OF THE COURT<br>BY:_____<br>Deputy Clerk |
| TELEPHONE NO.: (415) 695-1000     FAX NO.: (415) 695-1006 | |
| ATTORNEY FOR *(Name):* Oscar Villatoro | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

CASE NAME:
Oscar Villatoro v. Gate Gourmet, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited     [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-20-587384<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 12
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 30, 2020
Ernesto Sanchez
_____          ▶  _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **APR-07-2021**

**TIME:**  **10:30AM**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.  However, it would facilitate
the issuance of a case management order   **without an appearance**   at the case
management conference if the case management statement is filed and served twenty-five
days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.   **This case is
eligible for electronic filing and service per Local Rule 2.11.  For more information,
please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place
of filing a written response to the complaint. You must file a written response with the
court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN
MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR
OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package
on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be
accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a
paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the ADR Information Package prior to filing
the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:         STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: Arlo Garcia Uriarte, SBN 231764; Ernesto Sanchez, SBN 278006<br>FIRM NAME: Liberation Law Group, P.C.<br>STREET ADDRESS: 2760 Mission Street<br>CITY: San Francisco          STATE: CA    ZIP CODE: 94110<br>TELEPHONE NO.: (415) 695-1000    FAX NO.: (415) 695-1006<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name): Oscar Villatoro | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**05/11/2021**<br>**Clerk of the Court**<br>BY: VANESSA WU<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: 400 McAllister Street |
| CITY AND ZIP CODE: San Francisco 94102 |
| BRANCH NAME: |

| Plaintiff/Petitioner: Oscar Villatoro |
| Defendant/Respondent: Gate Gourmet, Inc., et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-20-587384 |
|---|---|

TO (*insert name of party being served*): Gate Gourmet, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 14, 2021

Ernesto Sanchez
(TYPE OR PRINT NAME)                              ▶              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (*to be completed by sender before mailing*):

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (*specify*):

   Case Management Department 610 Case Management Order

*(To be completed by recipient):*

Date this form is signed: May 7, 2021

Cara Barrick

Cara Barrick                                        as counsel for Defendant
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     Gate Gourmet, Inc.
ON WHOSE BEHALF THIS FORM IS SIGNED)       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                            ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**PROOF OF SERVICE**
*Oscar Villatoro v. Gate Gourmet, Inc.*
California Superior Court, County of San Francisco
Case No. CGC-20-587384

  I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

  On May 7, 2021, I served the following document(s):

**NOTICE OF ACKNOWLEDGEMENT OF RECIEPT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Arlo Garcia Uriarte          Attorneys for Plaintiff
Ernesto Sanchez
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Tel: 415-695-1000
Fax: 415-695-1006

  **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

  **(State)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 7, 2021 at Oakland, CA.

_Elizabeth Alonga_
Elizabeth Alonga

47066320.1

1
PROOF OF SERVICE          Case No. CGC-20-587384

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| OSCAR VILLATORO<br><br>PLAINTIFF (S)<br><br>VS.<br><br>GATE GOURMET, INC. et al<br><br>DEFENDANT (S) | **Case Management Department 610**<br>**Case Management Order**<br><br><br>**NO. CGC-20-587384**<br><br>**Order To Show Cause** |

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jun-02-2021 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Jul-20-2021 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service on defendant(s) and obtain answer(s), or enter default(s).

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed and served twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  MAY-13-2021                                          SAMUEL K. FENG

                                                                              JUDGE OF THE SUPERIOR COURT

Order To Show Cause
Form 000001

# CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-13-2021 I served the attached Order To Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAY-13-2021                              By: VANESSA WU

ARLO GARCIA URIARTE (231764)
LIBERATION LAW GROUP, P.C.
2760 MISSION STREET
SAN FRANCISCO, CA  94110

CERTIFICATE OF SERVICE BY MAIL
Form 000001

1    CARA F. BARRICK, CA Bar No. 303107
     cara.barrick@ogletree.com
2    JULIANA KRESSE, CA Bar No. 256745
     juliana.kresse@ogletree.com
3    OGLETREE, DEAKINS, NASH, SMOAK &
     STEWART, P.C.
4    One Embarcadero Center, Suite 900
     San Francisco, CA  94111
5    Telephone:    415-442-4810
     Facsimile:    415-442-4870
6
     Attorneys for Defendant
7    GATE GOURMET, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10   OSCAR VILLATORO,                    Case No. CGC-20-587384

11             Plaintiff,                **DEFENDANT GATE GOURMET, INC.'S
                                         ANSWER TO PLAINTIFF OSCAR
12        vs.                            VILLATORO'S UNVERIFIED
                                         COMPLAINT**
13   GATE GOURMET, INC., and DOES 1-10,
     inclusive,
14                                       Action Filed:   October 30, 2020
               Defendant.               Trial Date:     None Set
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        Case No. CGC-20-587384
     DEFENDANT'S ANSWER TO PLAINTIFF OSCAR VILLATORO'S UNVERIFIED COMPLAINT

Defendant GATE GOURMET, INC. ("Defendant") hereby answers the unverified Complaint of Plaintiff OSCAR VILLATORO ("Plaintiff") in the above-referenced matter, as follows:

## GENERAL DENIAL

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every purported allegation and cause of action contained in Plaintiff's Complaint, and further denies, generally and specifically, that Plaintiff is entitled to damages or to any other relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each purported cause of action alleged therein, is barred by the applicable statute of limitations including, but not limited to, California Civil Code sections 335.1, 337, 338(a), 339 and 340; California Government Code sections 12960 and 12965, California Labor Code sections 203, California Business and Professions Code section 17208, and/or any other applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative/Internal Remedies)

3.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust internal grievance or complaint procedures, failed to exhaust all administrative remedies, and/or failed to satisfy the jurisdictional and/or statutory prerequisites of each cause of action.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**

**(Exclusivity of Workers' Compensation Laws)**

4.　　The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's exclusive remedy for any alleged damages is governed by the California Workers' Compensation Act – California Labor Code §§ 3200 et seq.

**FIFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

5.　　The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of after acquired evidence.

**SIXTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Discriminatory and Non-Retaliatory Business Reason)**

6.　　The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because all employment actions taken were taken on the basis of legitimate, non-discriminatory and non-retaliatory business reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive/Same Decision)**

7.　　The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because to the extent that Plaintiff can prove that any mixed motive discrimination or retaliation occurred (all of which Defendant denies), the same decision would have been made anyway for non-discriminatory or non-retaliatory reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

8.　　The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant was excused from a providing a reasonable accommodation on the grounds that such an accommodation would create an undue hardship for Defendant.

**NINTH AFFIRMATIVE DEFENSE**

**(Preemption – Railway Labor Act)**

9.　　The Complaint, and each purported cause of action alleged therein, is barred, in

DEFENDANT'S ANSWER TO PLAINTIFF OSCAR VILLATORO'S UNVERIFIED COMPLAINT

whole or in part, because they are preempted by the Railway Labor Act, 45 U.S.C. § 151 et seq.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Contractual Remedies)

10.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff failed to exhaust his contractual remedies.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

11.    The Complaint, and each purported cause of action alleged therein, including any claim for penalties or liquidated damages predicated on a finding of willfulness, is barred because Defendant at all times acted in good faith, and at all times has had reasonable grounds to believe that its actions, if any, did not violate the statutes cited in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

12.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

13.    The Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine because he unreasonably failed to take action to avoid his alleged damages, and some or all of his alleged damages would have been avoided by such action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

14.    The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel and that Plaintiff, by his own conduct and actions, is estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the claims have been waived, discharged, and/or abandoned by Plaintiff. By his own conduct and actions, Plaintiff has waived the right, if any, to assert the claims alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

16.     Any recovery to Plaintiff is barred in whole or in part insofar as Plaintiff has, or had, unclean hands with respect to the matters alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

17.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18.     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff consented to and/or acquiesced to the alleged conduct by Defendant of which Plaintiff now complains.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

19.     Plaintiff is not entitled to damages sought in the Complaint to the extent Plaintiff failed to mitigate his damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

20.     Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if

1   any, of the employee or employees, if any, who allegedly committed such acts; or employed any

2   such employee or employees with a conscious disregard of the rights or safety of others, as

3   required by California Civil Code section 3294(b).

4   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

5   **(Offset)**

6       21.    Plaintiff's claims are subject to setoff, offset, and/or recoupment.   If Plaintiff

7   succeeds in establishing any alleged violation under state and/or federal law, and to the extent any

8   sums are found due and owing, Defendant is entitled to set-off against said sum to the extent paid,

9   tendered, waived, compromised, and/or released prior to the adjudication herein, including but not

10  limited to those amounts paid, tendered, waived, compromised, and/or released through any other

11  proceeding, either formal or informal, or to the extent any unearned compensation was paid to

12  Plaintiff.

13  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

14  **(Health And Safety Risk)**

15      22.    Defendant alleges that Plaintiff's disability-related claims are barred to the extent

16  that even with reasonable accommodations, Plaintiff was unable to perform essential job duties

17  without endangering his health and safety and/or the health and safety of others.

18  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

19  **(Justification and Privilege)**

20      23.    The Complaint, and each purported cause of action alleged therein, is barred, in

21  whole or in part, because Defendant's actions were at all times privileged and/or justified.

22  Defendant further alleges it cannot be liable for any alleged violation of the California Labor Code

23  or Business and Professions Code section 17200, et seq., because Defendant's actions, conduct,

24  and/or dealings with its employees were lawful and were carried out in good faith and for

25  legitimate business purposes.

26  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

27  **(No Standing)**

28      24.    The Complaint, and each purported cause of action alleged therein, is barred, in

DEFENDANT'S ANSWER TO PLAINTIFF OSCAR VILLATORO'S UNVERIFIED COMPLAINT

whole or in part, because Plaintiff lacks standing to seek the penalties or damages claimed. Defendant further alleges that Plaintiff lacks standing to seek damages under relevant portions of the California Business and Professions Code section 17200, et seq., because Plaintiff has not suffered any injury in fact or lost money or property as a result of any alleged unfair competition.

<u>**RESERVATION OF ADDITIONAL DEFENSES**</u>

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, available defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by way of the Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      That the Court enter judgment for Defendant and against Plaintiff on all alleged claims;

4.      That the Court award Defendant its attorneys' fees and costs of suit; and

5.      That the Court grant Defendant such other and further relief as the Court deems just and proper.

DATED:  June 4, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
      CARA F. BARRICK
      JULIANA KRESSE

Attorneys for Defendant
GATE GOURMET, INC.

**PROOF OF SERVICE**

*Oscar Villatoro v. Gate Gourmet, Inc.*

California Superior Court, County of San Francisco

Case No. CGC-20-587384

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On June 4, 2021, I served the following document(s):

**DEFENDANT GATE GOURMET, INC.'S ANSWER TO PLAINTIFF
OSCAR VILLATORO'S UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

Arlo Garcia Uriarte                              Attorneys for Plaintiff
Ernesto Sanchez
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Tel:    415-695-1000
Fax:    415-695-1006

**BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 4, 2021 at Oakland, CA.

Elizabeth Alonga

47066721.2

Case No. CGC-20-587384

PROOF OF SERVICE

Exhibit B

CARA F. BARRICK, CA Bar No. 303107
cara.barrick@ogletree.com
JULIANA KRESSE, CA Bar No. 256745
juliana.kresse@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:    415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendant
GATE GOURMET, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| OSCAR VILLATORO,<br><br>Plaintiff,<br><br>vs.<br><br>GATE GOURMET, INC., and DOES 1-10,<br>inclusive,<br><br>Defendant. | Case No. CGC-20-587384<br><br>**DEFENDANT GATE GOURMET, INC.'S NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>Action Filed:    October 30, 2020<br>Trial Date:      None Set |

1  **TO PLAINTIFF OSCAR VILLATORO AND HIS ATTORNEYS OF RECORD, AND THE**

2  **CLERK OF THE ABOVE-ENTITLED COURT:**

3        **PLEASE TAKE NOTICE** that on June 4, 2021, defendant Gate Gourmet, Inc. removed

4  the instant action under 28 U.S.C. §§ 1332 and 1441 to the United States District Court for the

5  Northern District of California.  A true and correct copy of the Notice of Removal is attached

6  hereto as **Exhibit A**.

7        Because of removal, the Court is without jurisdiction to take action regarding this matter

8  unless the case is remanded.  28 U.S.C. § 1446(d).

9

10  DATED:  June 4, 2021

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: _____
        CARA F. BARRICK
        JULIANA KRESSE

Attorneys for Defendant
GATE GOURMET, INC.